# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COMSPEC INTERNATIONAL, INC., a Michigan corporation,

        Plaintiff,

v.

UNIFACE B.V. and M4 GLOBAL SOLUTIONS HOLDING B.V., foreign limited liability companies, UNIFACE USA LLC, a Michigan company, MARLIN EQUITY PARTNERS, a California company, ME PPX ACQUISITION LLC, a Delaware limited liability company, ARJAN SCHOUTEN, ELS OIRBANS, as individuals, jointly and severally,

        Defendants.

_____/

Case No. 20-cv-10067
Hon. Terrence G. Berg
Mag. Michael J. Hluckaniuk

## STIPULATION AND PROTECTIVE ORDER

**WHEREAS,** the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.4, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents produced in discovery in connection with this action:

    1.    Counsel for any party, or subpoenaed third party, may designate any document or information, in whole or in part, as CONFIDENTIAL, if counsel determines, in good faith, that such designation is necessary to protect the interests

of the client information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Information and documents so designated by a party shall be stamped "CONFIDENTIAL."

      2.      Counsel for any party, or subpoenaed third party, may designate any document or information, in whole or in part, as CONFIDENTIAL — ATTORNEYS EYES ONLY, if counsel determines, in good faith, that such designation is necessary to protect the interests of the client information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Information and documents so designated by a party shall be stamped "CONFIDENTIAL — ATTORNEYS EYES ONLY."

      3.      Information designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS EYES ONLY shall collectively be referred to as "Designated Information."

      4.      Any Designated Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      5.      In the event a party challenges a designation of confidentiality, counsel shall make a good faith effort to resolve the dispute by conferring directly with counsel for the designating party. In conferring, the challenging party must explain in writing the basis for its challenge, and the designating party must respond in

writing within seven days. If at that time the parties remain unable to resolve the dispute, the challenging party may seek resolution by the Court.

6. Nothing in this Protective Order constitutes an admission by any party that Designated Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Designated Information.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

 a. Outside counsel for the opposing party, and employees of outside counsel assigned to and necessary to assist in the litigation;

 b. Non-attorney employees of the opposing party assigned to and necessary to assist in the litigation;

 c. Consultants, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

 d. Court reporters, videographers, vendors, and contractors engaged for the limited purpose of making copies of documents, organizing documents, processing documents, or performing any e-discovery services;

 e. The Court (including the mediator, or other person having access to any Designated Information by virtue of his or her position with the Court); and

 f. The Auditors at Plante Moran, and their team that is deemed necessary to assist with the audit.

8. Documents designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY" shall not be disclosed to any person except those listed in Paragraphs 7(a), 7(c), 7(d), 7(e), and 7(f), above.

9. Prior to disclosing or displaying Designated Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. For persons identified in paragraphs 7(c) and 7(f), require the person to sign an agreement to be bound by this Order in the form attached hereto.

10. Disclosure. The disclosure of a document or information without designating it as Designated Information shall not constitute a waiver of the right to designate such document or information as Designated Information. If so designated, the document or information shall thereafter be treated as Designated Information subject to all the terms of this Stipulation and Order.

11. Protected Information. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. **Conclusion of Litigation.** At the conclusion of litigation, Designated Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. **Filing Under Seal.** This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

14. **Notice to Designating Party.** Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential

Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 13 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 13 and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

**SO STIPULATED AND AGREED.**

FISHMAN STEWART PLLC

By: /s/ Douglas P. Lalone
Douglas P. LaLone (P45751)
Michael T. Fluhler (P79692)
Christopher W. Wen (P78049)
800 Tower Drive, Ste. 610
Troy, MI 48098
Phone: (248)594-0600
dlalone@fishstewip.com
mfluhler@fishstewip.com
cwen@fishstewip.com
Attorneys for Plaintiff

MCDONALD HOPKINS LLC

By /s/ Stephen J. Rosenfeld
Stephen J. Rosenfeld (IL Bar No. 6216769)
Nicholas A. Kurk (IL Bar No. 6292133)
300 North LaSalle, Suite 1400
Chicago, IL 60654
Phone: (312) 642-6103
srosenfeld@mcdonaldhopkins.com
nkurk@mcdonaldhopkins.com

Timothy J. Lowe (P68669)
MCDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, MI 48304
(248) 220-1359
tlowe@mcdonaldhopkins.com
Attorneys for Uniface USA LLC

**IT IS SO ORDERED.**

                                                /s/Terrence G. Berg
                                                HON. TERRENCE G. BERG
                                                U.S. DISTRICT COURT JUDGE

Dated: May 29, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COMSPEC INTERNATIONAL, INC., a
Michigan corporation,

    Plaintiff,

v.

UNIFACE B.V. and M4 GLOBAL
SOLUTIONS HOLDING B.V., foreign limited
liability companies, UNIFACE USA LLC, a
Michigan company, MARLIN EQUITY
PARTNERS, a California company, ME PPX
ACQUISITION LLC, a Delaware limited
liability company, ARJAN SCHOUTEN, ELS
OIRBANS, as individuals, jointly and
severally,

    Defendants.
_____/

Case No. 20-cv-10067
Hon. Terrence G. Berg
Mag. Michael J. Hluckaniuk

## **Agreement**

  I, _____, acknowledge that I have read and understand the Stipulation and Protective Order in this action. I agree to abide by the terms of the Order and not to disclose any Designated Information produced in this action other than as permitted by the Order. I further agree that, at the conclusion of this action I will return all Designated Information to the party or attorney from whom I received it.

     By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of any issue or dispute arising under this agreement, and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

DATED: _____                  _____